## ARNOLD *v.* NORTON ET AL.

PRACTICE.— *Judge.—Cause Dropped from Docket by Mistake.—Notice.—* Where, in a case pending in the circuit court, on account of the judge having been of counsel therein a judge of the common pleas court was called in, and a time was fixed for the trial, but the judge called failed to attend;

*Held,* that the case should have been continued on the general docket of the circuit court by the clerk; and he having, by mistake, dropped it from that docket, and entered it upon the common pleas docket, from which it was struck on motion, he should have re-entered it upon the circuit court docket, and on failure to do so should have been so ordered by the court, on motion of a party, without any notice being required to be given the other party.

APPEAL from the Vigo Circuit Court.

OSBORN, C. J.—The record in this case shows that at the September term of the Vigo Circuit Court for the year 1868, an order was made stating that the judge of that court having been of counsel in the cause, it was set down for hearing

before Hon. John T. Scott, Judge of the Vigo Common Pleas Court, at a special term on the fifth day of January, 1869; that the clerk by mistake docketed the action in the common pleas court, and that the court ordered it stricken from its docket; that Judge Scott failed to preside as judge of the circuit court on the day fixed therefor; that in October, 1869, the appellant, who was the plaintiff below, moved the circuit court to reinstate the cause upon the docket, which motion was overruled. She excepted, and has appealed from the judgment overruling her motion.

The appellees insist that the bill of exceptions setting out the affidavit in support of the motion is not properly in the record. It appears by the record of the proceedings, that when the motion to reinstate was overruled, the appellant excepted and filed her bill of exceptions, which was signed and made a part of the record in the case. Counsel seem to have overlooked that entry.

The appellees also insist that, inasmuch as the cause had been dropped from the docket for a term of the court, it could not be again entered upon the docket, and if it could, that the defendant was entitled to notice of the motion.

When Judge Scott failed to appear on the day fixed for the trial of the cause, it was not thereby discontinued, but it passed to, and was by operation of law upon, the general docket of the circuit court, and the clerk should have entered it as one of the continued causes. The mistake of the clerk in transferring the cause to the court of common pleas, and his failure to enter it upon the docket of the circuit court, ought not to prejudice the plaintiff. If he refused or failed to place the case upon the docket, it was proper to move the court to have the entry made, and no notice of such motion was necessary. The case was in court, and ought to be upon the docket. If the judge had been of counsel in the cause, he could fix a time and call another judge to hear the motion and try the cause. *Singleton* v. *Pidgeon,* 21 Ind. 118.

No question is made about the judge. The facts stated

in the affidavit and the record show that the motion should have been granted.

The judgment of the said Vigo Circuit Court is reversed, with costs, with instructions to sustain the motion to reinstate said action and enter it upon the docket of said court, and for further proceedings not inconsistent with this opinion.

*J. M. Allen, W. Mack,* and *J. W. Davis,* for appellees.